## Dr. John H. Lock, Appellant, *v.* Neel Company.

*Insurance — Automobile insurance — Cancellation — Duty of broker—Duty of company insured.*

In an action of trespass to recover damages for negligence in failing to secure a policy of insurance, it appeared that the defendant was an insurance agent who had secured a policy of insurance against fire and theft on plaintiff's automobile. It further appeared that the automobile was stolen, but that sometime previous to the date of the theft the company, without notice, had cancelled the insurance policy. It also appeared that upon such cancellation the defendant had secured a new policy in another company for an amount $500 less than that in the original policy. The suit was for $500, the difference between the amount of the first and second policies. The affidavit of defense denied that the defendant cancelled the first mentioned policy, and averred that the company itself had cancelled the policy by virtue of the right given by the terms thereof.

*Held:* that there was no obligation on the part of the defendant to secure the second policy for the plaintiff; that the fact that the defendant had secured the first policy, did not make it the agent to keep the plaintiff insured; that the agency terminated when the first policy was delivered, and that there could be no recovery.

Argued October 17, 1924. Appeal, No. 114, Oct. T., 1924, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1922, No. 6635, refusing to strike off judgment of nonsuit in the case of Dr. John H. Lock v. Neel Company, a Corporation. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass for failure to secure insurance. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment of compulsory nonsuit which it subsequently refused to strike off. Plaintiff appealed.

*Error assigned* was, among others, the judgment of the court.

*Joseph K. Willing,* of *Sterling & Willing,* for appellant.

*E. Spencer Miller,* for appellee.

OPINION BY GAWTHROP, J., November 17, 1924:

This was an action of trespass. The court below directed a nonsuit and, from its refusal to take it off, comes this appeal. The plaintiff's statement averred that on February 26, 1921, defendant, by its duly authorized agent, delivered to plaintiff a policy of insurance of the London Assurance Corporation, insuring plaintiff's automobile in the amount of $4,000 against loss by theft and fire; that, on December 3, 1921, while the policy was in force, the automobile was stolen; that defendant, some time previous to December 3, 1921, without the knowledge, consent, approval or ratification of plaintiff, wilfully and tortiously, cancelled the policy and substituted therefor another policy of insurance dated November 30, 1921, in the Palatine Insurance Company, Ltd., of London, purporting to insure the automobile in the sum of $3,500 against loss by theft and fire; that, immediately after the automobile was stolen, due notice and proof of loss was furnished defendant, agent for the London Assurance Corporation; whereupon, that company informed plaintiff that its policy was cancelled and refused to pay him anything thereunder; and that plaintiff received from the Palatine Insurance Company, Ltd., which issued the second policy, the sum of $3,500. The suit was for $500, the difference between the amount of the first and second policies. The affidavit of defense denied that defendant cancelled the first-mentioned policy and averred that the company itself cancelled the policy by virtue of the right given

by the terms thereof.   It was admitted that defendant obtained the second policy for plaintiff.

There was no obligation or duty on the part of defendant to secure the second policy for plaintiff.   Its act in securing that policy was a pure gratuity.   If the company which issued the first policy undertook to cancel it without giving the insured the notice required by its terms, the remedy of the insured was against that company for any loss which he sustained.   The fact that defendant knew of the cancellation and secured another policy for plaintiff for $500 less than the face of the first policy, establishes no basis for holding defendant liable in the circumstances.   The fact that defendant secured the first policy for plaintiff did not make it the agent of plaintiff to keep him insured.   The agency terminated when the first policy was delivered.   The learned trial judge was clearly right in directing the nonsuit.

The assignments of error are overruled, and the judgment is affirmed.